Caruthers, J.,
delivered the opinion of the Court.
The complainants claim title to the tract of land of about forty acres, of which the defendant, Chase, is in possession. A deed of trust was made to W. ,G. Gammon, trustee, on said land, by Grant, Benjamin and Thomas Eord, to secure a debt of about $300, which they owed to the complainants 11th September, 1850, and upon the sale made under said deed, in October, 1851, they became the purchasers, and have the deed of the trustee. The same land had been previously (31st August, 1846) sold and conveyed by Thomas to William Eord, when the latter went into possession, and in 1851, sold and conveyed the same to defendant, Chase, and put him in possession. This bill was filed 30th October, 1854, to obtain the possession under the deed from the trustee, upon the ground that the conveyance from Thomas to William Eord, and from the latter to Chase, were fraudulent, and without consideration.
We think the continuous possession from the sale by Thomas to William Eord, to the filing of this bill, more than seven years, is established. But to make it out, the possessions of William Eord and Chase have to be connected. This, it is insisted, cannot be done, because the title under which they held, was fraudulent. The complainants’ counsel contend that the case is analagous to successive possession of naked trespassers or wrongdoers ; which it has been often held, by this Court cannot be united, in order to make out the time required by the statute of limitations for the bar, under the act of 1819.
*638 This is rather a new phase of the question, in fact, hut not, we think in principle. It has been often held that the statute would protect possession, under a forged or fraudulent deed of any description, that the statute made no exception of such cases, and the Courts could make none. It would not he insisted, that if ¥m, Eord had continued in possession all the time, he would not have been protected, although his title were fraudulent. But if Chase held under him, by lease or purchase, what difference could it make? They are not trespassers, but enter and hold under paper titles, claiming adversely to all others.
We do not feel authorized to make this sort of case an exception to the statute. We need not enquire whether the fraud imputed, exists or not, but feel constrained to hold, that in any event, the bar of the statute is complete, in favor of the defendant, and on that ground, affirm the decree of the Chancellor.